UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00654-GNS

LORI MARIE FRANKLIN                                                                                 PLAINTIFF

v.

CRAIG GREENBURG et al.                                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motions (DN 5, 9, 10, 11, 12, 18, 33, 34), Plaintiff's Motions for Preliminary Injunction (DN 13, 15, 16, 17), Plaintiff's Motion to Appoint Counsel (DN 13), Defendants' Motion to Dismiss (DN 19), Defendants' Motion to Stay Discovery (DN 20), Plaintiff's Motion for Leave to Amend (DN 22), Plaintiff's Motion to Strike (DN 26), and Plaintiff's Motion in Limine (DN 27). The motions are ripe for adjudication.

### I.   BACKGROUND

Plaintiff Lori Marie Franklin ("Franklin") alleges that she was wrongfully arrested for numerous crimes in 2003 by the Louisville Metro Police Department ("LMPD"). (Compl. 7, DN 1). She claims there was a lack of evidence to support her arrest and later conviction by a Jefferson Circuit Court jury in 2004. (Compl. 7). Franklin alleges abuse of power by the LMPD that was the "norm" in 2003 but also references the recent investigation and proposed consent decree with the U.S. Department of Justice. (Compl. 9). As a result of her conviction, she was denied the ability to vote in the 2024 presidential election. (Compl. 7, 9, 13).

Franklin filed this action against Defendants Louisville Metro Mayor Craig Greenburg ("Greenburg"), LMPD Chief of Police Paul Humphrey ("Humphrey"), and former LMPD

1

Officer Leigh Whelan-Maroni ("Whelan-Maroni") (collectively, "Defendants") asserting 42 U.S.C. § 1983 claims for violations of her constitutional rights under Fourth, Fourteenth, Fifteenth, and Nineteenth Amendments. (Compl. 2-3).

Defendants have moved to dismiss the Complaint and to stay discovery. (Defs.' Mot. Dismiss, DN 19; Defs.' Mot. Stay Disc., DN 20). Franklin has moved for leave to file an Amended Complaint and to appoint counsel. (Pl.'s Mot. Appoint Counsel, DN 13; Pl.'s Mot. Leave Am., DN 22). Plaintiff has also filed motions for a preliminary injunction, a motion to strike, a motion in limine, and various other motions. (Pl.'s Mot. Prelim. Inj., DN 13; Pl.'s Mot. Prelim. Inj., DN 15; Pl.'s Mot. Prelim. Inj., DN 16; Pl.'s Mot. for Prelim. Inj., DN 17; Pl.'s Mot. Strike, DN 26; Pl.'s Mot. Lim., DN 27; Pl.'s Mot., DN 5; Pl.'s Mot., DN 9; Pl.'s Mot., DN 10; Pl.'s Mot., DN 11; Pl.'s Mot., DN 12; Pl.'s Mot., DN 18; Pl.'s Mot., DN 33; Pl.'s Mot., DN 34).

## II.  DISCUSSION

### A.  Plaintiff's Motion for Leave to Amend (DN 22)

Franklin has moved for leave to file the proposed Amended Complaint (DN 22-2). (Pl.'s Mem. Supp. Mot. Leave Amend 1-11, DN 22-1). In the Amended Complaint, Franklin proposes to remove her claims asserted against Greenburg and Humphrey, and to name Louisville/Jefferson Metro Government ("Louisville Metro") and Louisville Office of Inspector General ("LOIG") as Defendants. (Proposed Am. Compl. 2, DN 22-2). She also proposes asserting Section 1983 claims for violations of her constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments. (Proposed Am. Compl. 3).

Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleadings with leave from the court and such leave should be "freely give[n] [] when justice so requires." Moreover, the Sixth Circuit has "emphasized that the case law in this Circuit manifests liberality in allowing

amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (internal quotation marks omitted) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). Courts may deny these motions for undue delay in filing, bad faith by the movant, undue prejudice to the nonmovant, and the pleading's futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants oppose the motion on the basis of futility because the proposed claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and the applicable statute of limitations. (Defs.' Resp. Pl.'s Mot. Leave Amend 1-4, DN 23). As the Sixth Circuit has explained, "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss, a court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557). When a plaintiff proceeds *pro se*, the Court is to hold her pleadings "to less

stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (internal citation omitted).

The proposed claims all relate to Franklin's state criminal convictions and the continuing effect of those convictions (e.g., her inability to vote as a convicted felon). In *Heck v. Humphrey*, the Supreme Court recognized a doctrine that "generally prohibits the use of actions under 42 U.S.C. § 1983 as an avenue to launch a collateral attack upon a criminal conviction." *Embassy Realty Invs., LLC v. City of Cleveland*, 877 F. Supp. 2d 564, 574 (N.D. Ohio 2012) (citing *Heck*, 512 U.S. at 486). The Sixth Circuit has summarized this doctrine as follows:

> Claims which challenge the validity of a state conviction or sentence are not cognizable under § 1983 in the absence of a demonstration that the criminal conviction or sentence in state court "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

*Wheat v. Ohio*, 23 F. App'x 441, 443 (6th Cir. 2001) (quoting *Heck*, 512 U.S. at 486-87). As the Supreme Court has further explained as the application of the *Heck* doctrine:

> [A] state prisoner's [Section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In the proposed Amended Complaint, Franklin does not allege that her convictions were reversed, declared invalid by a Kentucky court, or called into question by a federal writ of habeas corpus. While it is clear that Franklin desires to challenge the validity of state criminal convictions, she cannot do so in this forum through her Section 1983 claims due to the *Heck*

4

doctrine.[1]  Because the claims asserted in the proposed Amended Complaint are futile, the motion to amend is denied.  *See Wheat*, 23 F. App'x at 443 ("Wheat's complaint is essentially a collateral attack upon his 1993 state criminal convictions for rape and gross sexual imposition.  Yet, Wheat does not contend that his state convictions were reversed, overturned, or questioned by either an Ohio state court or federal habeas corpus decision.  Thus, Wheat's complaint was properly dismissed by the district court." (citing *Heck*, 512 U.S. at 487)).

### B.    Defendants' Motion to Dismiss (DN 19)

Because the Complaint remains the operative pleading, the Court must also consider whether the Complaint survives a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants also contend that the Complaint is barred by the applicable statute of limitations and the Heck doctrine.  (Defs.' Mem. Supp. Mot. Dismiss 3-5, DN 19-1).  In addition, they assert that the Complaint fails to state a *Monell* claim or individual capacity claims.  (Defs.' Mem. Supp. Mot. Dismiss 5-8).

#### 1.    Heck *Doctrine*

As stated above, the Heck doctrine precludes Franklin from challenging her state criminal convictions by way of a Section 1983 claim unless her convictions were reversed, declared invalid by a Kentucky court, or called into question by a federal writ of habeas corpus.  The

---

[1] In her reply, Franklin relies upon Fed. R. Civ. P. 60(b) in arguing that she has newly discovered evidence that should be considered relating to her state criminal convictions. (Pl.'s Rely Mot. Leave to Amend 1, DN 28).  This procedural rule only applies to federal court proceedings, not state criminal cases.  *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . ."); *see also Alexander v. Morgan*, No. 2019-CA-1004-ME, 2020 WL 6226098, at *2 (Ky. App. Oct. 23, 2020) ("Alexander filed his motion pursuant to the Federal Rules of Civil Procedure.  Child support is purely a matter of state law, and this is a state court action.  The Federal Rules of Civil Procedure are not applicable.").  In addition, Fed. R. Civ. P. 60 lists certain reasons why a *federal* court may correct a *federal* judgment or order.  *See* Fed. R. Civ. P. 60(b).  Until ruling on the present motions, this Court has not entered an order or judgment in this matter.

Complaint contains no such allegation. In the absence of this allegation, Franklin has failed to state a claim under Section 1983, and the motion to dismiss is granted.

### 2. Monell *Claim*

For a municipality to be liable for the actions of its employees under *Monell*, a causal link must connect the alleged constitutional deprivation to a policy or custom of the municipality. *See Deaton v. Montgomery Cnty.*, 989 F.2d 885, 889 (6th Cir. 1993). "*Monell* is a case about responsibility." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). "The official policy requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* at 479-80 (internal quotation marks omitted).

"As a threshold matter, there can be no municipal liability under *Monell* when there is no constitutional violation." *Przybysz v. City of Toledo*, 746 F. App'x 480, 484 (6th Cir. 2019) (citing *Schroder v. City of Fort Thomas*, 412 F.3d 724, 727 (6th Cir. 2005)); *see also Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under Monell without an underlying constitutional violation." (quoting *Scott v. Clay Cnty.*, 205 F.3d 867, 879 (6th Cir. 2000))). Because Franklin has failed to state a Section 1983 claim, the Complaint does not allege a constitutional violation, and the *Monell* claim also fails as a matter of law. Defendants' motion is granted on this basis.

### C. Plaintiff's Motion to Strike

Franklin has moved to strike Defendants' filings containing false statements. (Pl.'s Mot. Strike 1, DN 26). In particular, Franklin requests that the Court strike any statement that her claims are time-barred. (Pl.'s Mot. Strike 7). In general, motions to strike are generally disfavored. *See Berry v. Frank's Auto Body Carstar, Inc.*, 817 F. Supp. 2d 1037, 1041 (S.D.

Ohio 2011). It is inappropriate for the Court to strike an opposing argument simply because the movant disagrees with the argument. In the absence of any proper basis to grant this request, this motion is denied.

### D. Plaintiff's Motion to Appoint Counsel (DN 13)

As part of one of her preliminary injunction motions, Franklin moved for appointment of counsel. (Pl.'s Mot. Appoint Counsel, DN 13). "[A]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Boussum v. Washington*, 655 F. Supp. 3d 636, 640 (E.D. Mich. 2023) (citation omitted). While Franklin relies on *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981), that case involved the right to counsel for indigent parents in a termination of parental rights proceeding. *See id.* at 31-34. This is a not termination of parental rights proceeding. Franklin has filed numerous lengthy documents in this action, and she has not shown exceptional circumstances warranting the appointment of counsel in this case. This motion is denied.

### E. Remaining Motions

Because Franklin has failed to state a claim against Defendants and any further amendments would be futile, it is unnecessary to address the remaining pending motions filed by the parties. Those motions are denied as moot.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Leave to Amend (DN 22) is **DENIED**.

2. Defendants' Motion to Dismiss (DN 19) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE** because any further amendment would be futile for the reasons stated above.

3. Plaintiff's Motion to Strike (DN 26) is **DENIED**.

4. Plaintiff's Motion to Appoint Counsel (DN 13) is **DENIED**.

5. Plaintiff's Motions (DN 5, 9, 10, 11, 12, 18, 33, 34), Plaintiff's Motions for Preliminary Injunction (DN 13, 15, 16, 17), Defendants' Motion to Stay Discovery (DN 20), and Plaintiff's Motion in Limine (DN 27) are **DENIED AS MOOT**.

6. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

April 22, 2025

cc: counsel of record
Plaintiff, *pro se*